**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| | § | |
| Donald S. Glaser | § | Case Number: |
| 6047 Frantz Rd., Ste. 101 | § | |
| Dublin, OH 43017, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Judge |
| | § | |
| v. | § | |
| | § | Magistrate |
| | § | |
| Correction Officer Austin Smith | § | |
| c/o CoreCivic, Inc. dba Northeast Ohio | § | JURY DEMAND ENDORSED HEREON |
| Correctional Center | § | |
| 2240 Hubbard Rd. | § | |
| Youngstown, OH 44505, | § | |
| | § | |
| Correction Officer Scott Gorby | § | |
| c/o CoreCivic, Inc. dba Northeast Ohio | § | |
| Correctional Center | § | |
| 2240 Hubbard Rd. | § | |
| Youngstown, OH 44505 | § | |
| | § | |
| Correction Officer Philip Carter | § | |
| c/o CoreCivic, Inc. dba Northeast Ohio | § | |
| Correctional Center | § | |
| 2240 Hubbard Rd. | § | |
| Youngstown, OH 44505 | § | |
| | § | |
| Correction Officers John and Jane Does | § | |
| 1 to 25, whose names are unknown | § | |
| c/o CoreCivic, Inc. dba Northeast Ohio | § | |
| Correctional Center | § | |
| 2240 Hubbard Rd. | § | |
| Youngstown, OH 44505, | § | |
| | § | |
| David Bobby, Warden | § | |
| c/o CoreCivic, Inc. dba Northeast Ohio | § | |
| Correctional Center | § | |
| 2240 Hubbard Rd. | § | |
| Youngstown, OH 44505, | § | |
| | § | |
| | § | |

The State of Ohio, Ohio Department of §
Rehabilitation & Correction, Northeast §
Ohio Correctional Institution §
4545 Fisher Road, Suite D §
Columbus, OH 43228 §
c/o Ohio Attorney General §
30 E. Broad St., 14th Floor §
Columbus, OH 43215, §
§
The State of Ohio, Ohio Department of §
Medicaid, Ohio Tort Recovery Unit §
50 W. Town St., Ste. 400 §
Columbus, OH 43215 §
c/o Ohio Attorney General §
30 E. Broad St., 14th Floor §
Columbus, OH 43215, §
§
CoreCivic, Inc. dba Northeast Ohio §
Correctional Center §
2240 Hubbard Rd. §
Youngstown, OH 44505 and §
c/o CT Corp Systems §
4400 Easton Commons Way, Ste. 125 §
Columbus, OH 43219, and §
§
CoreCivic of Tennessee, LLC dba §
Northeast Ohio Correctional Center §
2240 Hubbard Rd. §
Youngstown, OH 44505 §
c/o CT Corp Systems §
4400 Easton Commons Way, Ste. 125 §
Columbus, OH 43219, §
§
                                    Defendants §
§

## COMPLAINT

2

Now comes Plaintiff Donald S. Glaser ("Mr. Glaser"), by and through Mr. Glaser's undersigned counsel, and for Mr. Glaser's timely filed *Complaint* against the above captioned defendants, Mr. Glaser hereby avers and claims as follows:

### PRELIMINARY STATEMENT

1. This action seeks relief for violations of Mr. Glaser's rights secured and guaranteed by 42 U.S.C. §1983, as well as 42 U.S.C. §1985, the Eighth Amendment, applicable to the State through the 14th Amendment to the United States Constitution, the laws of the United States and the laws of the State of Ohio.

2. Upon all information and belief, the claims asserted herein arise from an incident occurring on June 15, 2021.

3. This Honorable Court has jurisdiction over this ripe case and controversy pursuant to 28 U.S.C. §1331 and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of persons in the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§1983, 1985(3). This action is brought pursuant to the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of Ohio.

4. This Honorable Court has supplemental jurisdiction over any state law claims in this ripe case and controversy pursuant to 28 U.S.C. §1367.

5. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This matter is timely filed within the pertinent statute of limitations.

7. The last known address of each defendant is as set forth in the caption.

8. Venue in this judicial district is proper, pursuant to 28 U.S.C. §§1391(b)(2), (e)(1), and (e)(2), because a substantial part of the events, actions, and/or omissions giving rise to the claims occurred near Youngstown, Ohio.

9. CoreCivic, Inc. dba Northeast Ohio Correctional Center and/or CoreCivic of Tennessee, LLC dba Northeast Ohio Correctional Center (collectively, "CoreCivic") regularly conduct business in Ohio and their principal Ohio offices are located at the address captioned above.

10. CoreCivic operates for-profit prisons and detention facilities throughout the United States that maximizes value for its private shareholders by offering a minimum of staffing and service for the highest obtainable price to the governmental entities with whom it contracts to house detainees.

11. CoreCivic's principal place of business is in Nashville, Tennessee.

12. CoreCivic operated Northeast Ohio Correctional Center at all times relevant to this lawsuit.

13. Warden David Bobby ("Warden Bobby") supervised Northeast Ohio Correctional Center at all times relevant to this lawsuit.

14. Upon information and belief, the State of Ohio contracts with CoreCivic to provided correctional and medical services to Mr. Glaser.

15. This complaint may be pled in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

16. At all times relevant hereto Mr. Glaser was a citizen of the United States of America residing in the state of Ohio within the Northern District of Ohio and entitled to the protections of the Constitutions and laws of the United States of America and the state of Ohio.

## STATEMENT OF FACTS

17. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

18. At all relevant times, it was each Defendant's duty to provide for the health, safety, and serious medical needs of persons in Defendants' custody, including Mr. Glaser, as such persons had been deprived by the State of any means to protect themselves or care for their own medical needs.

19. On June 15, 2021, Mr. Glaser was an inmate, Inmate Number A681820, at the State of Ohio, Ohio Department of Rehabilitation & Correction ("ODRC"), placed with CoreCivic at the Northeast Ohio Correctional Institution ("NEOCI"), at the address captioned above.

20. Upon information and belief, CoreCivic is an agent of the State of Ohio.

21. On June 15, 2021, Mr. Glaser was in Mr. Glaser's cell when Correctional Officer Austin Smith ("CO Smith") entered Mr. Glaser's cell to perform a strip search of Mr. Glaser.

22. Mr. Glaser objected to the strip search and informed CO Smith that Mr. Glaser was experiencing a mental health crisis in an anxiety attack.

23. CO Smith left Mr. Glaser's cell but returned shortly with Correctional Officer Scott Gorby ("CO Gorby"), Correctional Officer Philip Carter ("CO Carter"), and/or Correction Officers John and Jane Does 1 to 25 ("CO Does").

24. While Mr. Glaser continued to experience said anxiety attack, CO Smith, CO Gorby, CO Carter, and/or CO Does entered Mr. Glaser's cell and assaulted Mr. Glaser in an unreasonable, unjustified, and unlawful manner in Mr. Glaser's cell while Mr. Glaser's back was turned to CO Smith, CO Gorby, CO Carter, and/or CO Does.

25. Mr. Glaser did not threaten CO Smith, CO Gorby, CO Carter, and/or CO Does.

26. Mr. Glaser did not assault CO Smith, CO Gorby, CO Carter, and/or CO Does.

27. Alternative means, other than assault, exist to search a person, including but not limited to searching a disabled person.

28. After assaulting Mr. Glaser in an unreasonable, unjustified, and unlawful manner, CO Smith, CO Gorby, CO Carter, and/or CO Does strip searched Mr. Glaser while Mr. Glaser continued to experience a then worsened mental health emergency.

29. CO Smith, CO Gorby, CO Carter, and/or CO Does worsened Mr. Glaser's mental health with this excessive force and assault.

30. CO Smith, CO Gorby, CO Carter, and/or CO Does injured Mr. Glaser's left ankle, left shoulder, and cut Mr. Glaser near Mr. Glaser's left eye.

31. At all times relevant, Mr. Glaser was incarcerated in the NEOCI, and under the continuous exclusive custody and control of Defendants Ohio, CoreCivic, NEOCI, Warden David Bobby, CO Smith, CO Gorby, CO Carter, and/or CO Does when Mr. Glaser was subjected to unreasonable force, assaulted, and beaten. CO Smith, CO Gorby, CO Carter, and/or CO Does intentionally knew Mr. Glaser was suffering from a serious medical condition, needed immediate medical attention, and was ignored and denied treatment.

32. After subjecting Mr. Glaser to excessive force, instead of obtaining medical aid for Mr. Glaser's readily apparent serious injuries, CO Smith, CO Gorby, CO Carter, and/or CO Does ignored Mr. Glaser's pleas for help.

33. After subjecting Mr. Glaser to excessive force, instead of obtaining medical aid for Mr. Glaser's readily apparent serious injuries, CO Smith, CO Gorby, CO Carter, and/or CO Does abandoned Mr. Glaser in Mr. Glaser's cell suffering serious and readily observable injuries and in need of medical assistance.

34. CO Smith, CO Gorby, CO Carter, and/or CO Does were all aware of Mr. Glaser's serious medical conditions and ignored the same.

35. Mr. Glaser requested medical treatment from all defendants and received none from all defendants.

36. Mr. Glaser wrote three grievances about the assault, excessive force, and denial of medical treatment without response or remedy from all defendants.

37. The claims asserted herein arise from acts, failures to act and omissions committed, and failure to adhere to policies, procedures, and customs in place and/or implemented at the NEOCI by all defendants while Mr. Glaser was in the custody at NEOCI and during Mr. Glaser's detention at the NEOCI on or about June 15, 2021.

38. At all times relevant, CO Smith, CO Gorby, CO Carter, and/or CO Does were under non-delegable duties to refrain from using excessive and/or sadistic and malicious force on those imprisoned at NEOCI, and to ensure that prisoners at NEOCI were not subjected to excessive and/or sadistic and malicious force in violation of their constitutional rights as well as

receiving medical attention for an inmate such as Mr. Glaser's serious and obvious medical condition as Mr. Glaser was at all times relevant in need of emergent medical care.

39. At this time, each of the above-named Defendants, all of whom were acting under the color of law, violated the known and clearly established constitutional rights of Mr. Glaser to be free from the sadistic and malicious use of excessive force, to due process of law and to necessary medical and mental health care and treatment.

40. Defendants, while they were employed, did in fact, participate in, authorized, ratified and/or failed to intervene to prevent sadistic, malicious and excessive uses of force under the circumstances, and acted willfully, wantonly, maliciously and with deliberate indifference to and callous disregard for Mr. Glaser's constitutional rights, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to Mr. Glaser's injuries as alleged and described herein.

41. At all times relevant, CO Smith, CO Gorby, CO Carter, and/or CO Does were NEOCI employees and/or employees working at NEOCI and employed through the ODRC acting within the course and scope of their employment with NEOCI, and under the color of law, who were directly responsible for Mr. Glaser in Mr. Glaser's custody, supervision, control, at NEOCI.  CO Smith, CO Gorby, CO Carter, and/or CO Does are "persons" as defined in 42 U.S.C. § 1983 and are hereby sued in their individual capacities.

42. At all times relevant, CO Smith, CO Gorby, CO Carter, and/or CO Does were acting within the course and scope of their employment with NEOCI, and under the color of law, and were directly responsible for Mr. Glaser's safety, custody, supervision, control, and care at

8

NEOCI.  CO Smith, CO Gorby, CO Carter, and/or CO Does are "persons" as defined by 42 U.S.C. § 1983 and are hereby sued in their individual capacities.

43. Mr. Glaser seeks monetary damages (compensatory and punitive), as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

**COUNT ONE (1): VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 AGAINST CO SMITH, CO GORBY, CO CARTER, AND/OR CO DOES IN THEIR INDIVIDUAL CAPACITIES FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AND THE OHIO CONSTITUTION**

44. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

45. At the time and place referenced above herein, CO Smith, CO Gorby, CO Carter, and/or CO Does named in this claim for relief in turn or together beat, applied excessive force, applied multiple sadistic and malicious strikes, punches and kicks to Mr. Glaser's body. Additionally, CO Smith, CO Gorby, CO Carter, and/or CO Does named in this claim for relief assaulted and battered or supervised or failed to intervene when fellow officers assaulted and battered Mr. Glaser with their hands and feet, before and while Mr. Glaser was not a threat to anyone, and for no legitimate penal purpose.

46. The force employed by CO Smith, CO Gorby, CO Carter, and/or CO Does named in this claim for relief in securing Mr. Glaser, striking Mr. Glaser multiple times to the head and face, kicking Mr. Glaser, participating in the foregoing acts and omissions, ordering, authorizing, directing, supervising, approving and/or ratifying the foregoing acts and omissions and acquiescing, failing and/or refusing to prevent and intervene in the foregoing acts and omissions, constitute conduct under the color of state law which deprived Mr. Glaser, of Mr.

9

Glaser's clearly established and known rights to be free from cruel and unusual punishment proscribed by the Eighth Amendment and Article I, Section Nine of the Ohio Constitution.

47. As a direct and proximate result of these Defendants' violations of Mr. Glaser's constitutional rights, which resulted in multiple injuries, Mr. Glaser is entitled to compensatory damages, lost enjoyment of life, pain and suffering, punitive damages, pecuniary loss, including medical expenses past and future, future wage loss and/ or future loss of earning capacity, as well as all damages allowable under 42 U.S.C. §1988 for attorney fees and costs.

## COUNT TWO (2): VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 AGAINST CO SMITH, CO GORBY, CO CARTER, AND/OR CO DOES IN THEIR INDIVIDUAL CAPACITIES FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT AND THE OHIO CONSTITUTION

48. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

49. This Second Claim for Relief is brought against CO Smith, CO Gorby, CO Carter, and/or CO Does pursuant to 42 U.S.C. § 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of Mr. Glaser, an individual suffering from an obvious and known acute medical health condition that required appropriate care, treatment, assessment, intervention, referral, medication and attention to prevent substantial physical and mental health deterioration.

50. After CO Smith, CO Gorby, CO Carter, and/or CO Does beat, struck, kicked, and applied force, which was excessive, Defendants ignored the medical condition of Mr. Glaser who was beaten so badly Mr. Glaser was in obvious need of medical treatment and care.  His medical condition was worsening.  CO Smith, CO Gorby, CO Carter, and/or CO Does ignored

Mr. Glaser's condition which was observable to them, which they knew Mr. Glaser was suffering from and instead of getting medical treatment they abandoned Mr. Glaser in Mr. Glaser's cell.

51. At all times relevant, to wit, after CO Smith, CO Gorby, CO Carter, and/or CO Does beat, struck, kicked, and applied force, which was excessive, to Mr. Glaser, immediate medical attention should have been provided even if Defendants believed Mr. Glaser did not appear injured, pursuant to ODRC Use of Force Policy.

52. At all times relevant, CO Smith, CO Gorby, CO Carter, and/or CO Does observed Mr. Glaser in Mr. Glaser's cell crying, complaining of injuries, and bleeding.

53. Incompetent to determine whether Mr. Glaser suffered from internal injuries in their assault of Mr. Glaser, at all times relevant, Mr. Glaser was suffering from an objectively obvious serious medical condition for which Mr. Glaser required immediate care, treatment, medication(s), and referral, the refusal of which posed a high risk of and did cause serious injury and potentially death.

54. At all times relevant the CO Smith, CO Gorby, CO Carter, and/or CO Does named in this claim for relief were subjectively aware of the seriousness of Mr. Glaser's medical and conditions and the risk of death or serious injury if said conditions were not immediately addressed with appropriate medical care.

55. Despite the obviousness of Mr. Glaser's condition and the known risk of serious injury and potentially death absent immediate appropriate medical care, the Defendants named in this claim for relief failed and refused to secure the medical care necessary and were

deliberately indifferent to Mr. Glaser's condition and the risks posed thereby absent appropriate care.

56. As a direct and proximate result of the conduct of the CO Smith, CO Gorby, CO Carter, and/or CO Does in denying Mr. Glaser necessary medical assessment, evaluation, care, intervention, referral and treatment, Mr. Glaser suffered constitutional rights violations, Mr. Glaser is entitled to compensatory damages, lost enjoyment of life, pain and suffering, punitive damages, pecuniary loss, including medical expenses past and future, future wage loss and/ or future loss of earning capacity, as well as all damages allowable under 42 U.S.C. §1988 for attorney fees and costs.

### COUNT THREE (3): ASSAULT AND BATTERY AGAINST CO SMITH, CO GORBY, CO CARTER, AND/OR CO DOES

57. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

58. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does assaulted Mr. Glaser when CO Smith, CO Gorby, CO Carter, and/or CO Does intentionally offered or attempted, without authority or consent, to harm or offensively touch Mr. Glaser as described above that reasonably placed Mr. Glaser in fear of such contact by CO Smith, CO Gorby, CO Carter, and/or CO Does.  See Batchelder v. Young (Ohio App. 11 Dist., 2005), 11th Dist. Trumbull No. 2005-T-0150, 2006-Ohio-6097, ¶ 23, fn. 3.

59. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does intentionally touched Mr. Glaser's person without Mr. Glaser's consent.  See Snyder v. Turk (Ohio App. 2 Dist., 1993), 90 Ohio App.3d 18, 23; Batchelder, supra, at ¶ 23, fn. 3.

60. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does acted with the intent to cause a harmful or offensive contact with Mr. Glaser, and the said harmful contact with Mr. Glaser resulted. See Love v. Port Clinton (1988), 37 Ohio St.3d 98, 99.

61. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does intended to batter Mr. Glaser when CO Smith, CO Gorby, CO Carter, and/or CO Does hit and kicked Mr. Glaser. See Harasyn v. Normandy Metals, Inc. (1990), 49 Ohio St.3d 173, 175.

62. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does desired to cause the consequences of CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' actions against Mr. Glaser. See Harasyn v. Normandy Metals, Inc. (1990), 49 Ohio St.3d 173, 175.

63. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does believed that the consequences of CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' actions against Mr. Glaser were substantially certain to result in substantial harm. See Harasyn v. Normandy Metals, Inc. (1990), 49 Ohio St.3d 173, 175.

64. CO Smith, CO Gorby, CO Carter, and/or CO Does intentionally and unlawfully threatened Mr. Glaser with physical harm and violence against Mr. Glaser's person. It appeared, and ultimately proved to be true, that these Defendants had the ability to carry out the threats of physical harm and violence against Mr. Glaser. As a direct and proximate result, Mr. Glaser was placed in imminent fear of harm by these Defendants.

65. CO Smith, CO Gorby, CO Carter, and/or CO Does named in this claim for relief committed, participated in committing, authorized and/or acquiesced and/or failed to intervene in the commission of unlawful acts of physical harm and violence against Mr. Glaser including but not limited to: a) multiple punches and kicks to the body of Mr. Glaser numerous times for

13

an excessive period of time; b) using excessive, malicious and sadistic force to control Mr. Glaser; and c) using excessive and malicious force, including physically assaulting Mr. Glaser in the head.

66. CO Smith, CO Gorby, CO Carter, and/or CO Does named in this claim for relief acted maliciously, intentionally, and with a conscious, reckless and/or callous disregard for the safety of Mr. Glaser and in a manner that was likely and substantially certain to, and did, cause grievous injury to Mr. Glaser.

67. These acts committed against Mr. Glaser directly and proximately caused Mr. Glaser to sustain serious physical injury, mental pain, and suffering.  Said acts constitute unlawful and unprivileged assault and battery.

68. As a direct and proximate result of CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' unlawful acts of assault and battery, Mr. Glaser was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, and pecuniary loss, including medical expenses, loss of income and/ or earning capacity as well as future employment benefits.

69. As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed by CO Smith, CO Gorby, CO Carter, and/or CO Does, Mr. Glaser suffered mental anguish, emotional pain and suffering, and lost earnings/income and/or benefits.

## COUNT FOUR (4): INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CO SMITH, CO GORBY, CO CARTER, AND/OR CO DOES

70. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

71. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does knew or should have known that CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' actions against Mr. Glaser would result in serious physical and mental and emotional injuries and distress to Mr. Glaser.  See Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 374-75.

72. As described above, CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.  See Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 374-75.

73. As described above, CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' actions were the proximate cause of Mr. Glaser's injuries.  See Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 374-75.

74. As described above, Mr. Glaser's physical, mental, and emotional injuries suffered are serious and of a nature that no reasonable man could be expected to endure such injuries. See Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 374-75.

75. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does acted with actual malice towards Mr. Glaser.

76. As described above, CO Smith, CO Gorby, CO Carter, and/or CO Does acted with a conscious disregard for the safety of Mr. Glaser where there was a significant risk of substantial harm to Mr. Glaser.

77. As a direct result of said CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' actions, Mr. Glaser suffered permanent and substantial physical deformity.

78. As a direct result of said CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' intentional infliction of emotional distress, Mr. Glaser has been damaged in an amount more than Seventy-Five Thousand Dollars ($75,000.00), as will be more fully proven in either a trial or dispositive motion in this matter.

### COUNT FIVE (6): SPOLIATION OF EVIDENCE

79. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

80. The Defendants knew of pending or probable litigation involving Mr. Glaser. See Smith v. Howard Johnson (1993), 67 Ohio St.3d 28, 29.

81. Mr. Glaser requested evidence of CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' assault and battery and denial of medical benefits. See Smith v. Howard Johnson (1993), 67 Ohio St.3d 28, 29.

82. Defendants failed to provide Mr. Glaser with evidence of CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' assault and battery and denial of medical benefits. See Smith v. Howard Johnson (1993), 67 Ohio St.3d 28, 29.

83. Defendants reported the lack of video evidence of the assault on Mr. Glaser.

84. Upon information and belief, Defendants willfully destroyed evidence to disrupt Mr. Glaser's case. See Smith v. Howard Johnson (1993), 67 Ohio St.3d 28, 29.

85. Defendants' destruction of evidence disrupts Mr. Glaser's case. See Smith v. Howard Johnson (1993), 67 Ohio St.3d 28, 29.

86. As described above, the Defendants acted with actual malice towards Mr. Glaser.

87. As described above, the Defendants acted with a conscious disregard for the safety of Mr. Glaser where there was a significant risk of substantial harm to Mr. Glaser.

88. Defendants' destruction of evidence damaged Mr. Glaser in an amount more than Seventy-Five Thousand Dollars ($75,000.00), as will be more fully proven in either a trial or dispositive motion in this matter.  See Smith v. Howard Johnson (1993), 67 Ohio St.3d 28, 29.

### COUNT SIX (6): FAILURE TO INTERVENE TO PREVENT VIOLATION OF MR. GLASER'S EIGHTH AMENDMENT AND OHIO CONSTITUTION RIGHTS AS TO ALL DEFENDANTS

89. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

90. CO Smith, CO Gorby, CO Carter, and/or CO Does and/or others had a duty to intervene when the defendants violated Mr. Glaser's rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section Nine of the Ohio Constitution, and 42 U.S.C. §1983.

91. CO Smith, CO Gorby, CO Carter, and/or CO Does and/or others observed and/or had reason to know that excessive force was being inflicted upon Mr. Glaser.

92. CO Smith, CO Gorby, CO Carter, and/or CO Does had the opportunity and means to intervene and prevent the violation of Mr. Glaser's constitutional rights.

93. CO Smith, CO Gorby, CO Carter, and/or CO Does failed to intervene which resulted in the infliction of excessive force and punishment upon Mr. Glaser, in violation of Mr. Glaser's constitutionally protected rights.

94. The acts and/or omissions of CO Smith, CO Gorby, CO Carter, and/or CO Does, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Mr. Glaser.

95. As a direct and proximate result of the conduct of the CO Smith, CO Gorby, CO Carter, and/or CO Does in assaulting Mr. Glaser and in denying Mr. Glaser necessary medical assessment, evaluation, care, intervention, referral and treatment, Mr. Glaser suffered constitutional rights violations, Mr. Glaser is entitled to compensatory damages, lost enjoyment of life, pain and suffering, punitive damages, pecuniary loss, including medical expenses past and future, future wage loss and/ or future loss of earning capacity, as well as all damages allowable under 42 U.S.C. §1988 for attorney fees and costs.

### COUNT SEVEN (7): VIOLATION 42 U.S.C. § 1985(3) CONSPIRACY TO DEPRIVE AND INTERFERE WITH MR. GLASER'S CIVIL RIGHTS AGAINST ALL DEFENDANTS

96. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

97. Upon information and belief, all Defendants by their concerted actions of falsifying, destroying, spoiling, and concealing evidence of the use of excessive force against Mr. Glaser and denying Mr. Glaser medical treatment acted in concert to commit and accomplish unlawful acts resulting in the deprivation of rights, including a deprivation of due process, to Mr. Glaser.

98. In addition, the actions of CO Smith, CO Gorby, CO Carter, and/or CO Does, were motivated and intended to deprive Mr. Glaser of the equal protection of the laws.

99. Defendants' actions included, but were not limited to: a) conspire to deprive Mr. Glaser of Mr. Glaser's civil rights to be free from excessive force; b) conspire to deprive Mr.

Glaser of Mr. Glaser's civil rights to be free from the deliberate indifference of medical treatment; c) conspiring to verbally harass, mock and tease Mr. Glaser to the point of escalation with the intent to assault, batter and utilize excessive force on Mr. Glaser with the intent to cause Mr. Glaser great harm; d) conspiring to allow the continued verbal harassment, mocking and teasing to the point of a verbal argument with the intent to assault, batter and utilize excessive force on Mr. Glaser with the intent to cause Mr. Glaser great harm; e) conspiring to forcefully restrain Mr. Glaser to allow for the intended and planned assault, battery and excessive force upon Mr. Glaser with the intent to cause Mr. Glaser great bodily harm and not reporting the incident; f) conspiring to assault, batter and utilize excessive force upon Mr. Glaser, by hitting and/or kicking Mr. Glaser and utilizing malicious and sadistic punching, strikes, kicks with the intent to cause Mr. Glaser great bodily harm and not reporting the incident; g) conspiring to allow the continue and intended assault, battery and excessive force by continuing the assault, battery and excessive force causing Mr. Glaser to sustain serious medical injuries; h) conspiring to cause Mr. Glaser further intended injury by continuing the assault, battery and excessive force knowing that Mr. Glaser was unable to move and/or defend himself; i) conspiring to continue Mr. Glaser's suffering from the assault, battery and excessive force by intentionally ignoring Mr. Glaser's physical and mental condition, ignoring the statements made by Mr. Glaser that Mr. Glaser was injured and needed medical attention and not reporting the incident; j) conspiring to cover up the intended assault, battery and excessive force by failing to report and/or document the continued assault, battery and excessive force utilized on Mr. Glaser; k) conspiring to cover up the intended and planned assault, battery and excessive force utilized on Mr. Glaser by standing by, watching, participating and/or failing to

19

intervene in said actions; l) conspiring to cover up the intended and planned assault, battery and excessive force utilized on Mr. Glaser by failing to act, such as reporting to supervisors and/or investigators; m) conspiring to cover up the intended and planned assault, battery and excessive force utilized on Mr. Glaser by concealing incident by way of not reporting to supervisors and/or investigators; n) conspiring to falsify reports and failing to truthfully answer questions by superiors and/or investigators; and o) all other illegal acts to conspire to deprive Mr. Glaser of Mr. Glaser's civil rights.

100. CO Smith, CO Gorby, CO Carter, and/or CO Does and/or others by and through their actions thereby had a single plan when they conspired and explicitly agreed to inflict wrongs against Mr. Glaser and life threatening injuries upon Mr. Glaser for their personal amusement and/or sick, twisted, sadistic and malicious propensities against Mr. Glaser and other inmates as demonstrated in the records as the behavior was regular and routine in this prison.

101. CO Smith, CO Gorby, CO Carter, and/or CO Does and/or others possessed the same motives and same objective to violate such rights when they knew about and/or participated in: intentionally performing malicious acts of verbal harassment, mocking, assault, battery and excessive force against Mr. Glaser; failing to report and concealing the excessive force upon Mr. Glaser; by providing false reports regarding the incident; and/or by failing to truthfully answer questions by supervisors and/or investigators.

102. CO Smith, CO Gorby, CO Carter, and/or CO Does and/or others' overt actions deprived and interfered, directly with the Civil Rights of Mr. Glaser and all Defendants conspired to deprive Mr. Glaser of Mr. Glaser's civil rights.

103. As a direct and proximate result of the civil conspiracy among all Defendants, damages sustained for the underlying wrongs and acts by each and every Defendant individually is attributable to all as a whole.

104. As a direct and proximate result of Defendants' unlawful acts of assault and battery committed by all Defendants, Mr. Glaser suffered mental anguish, emotional pain and suffering, and lost earnings/income and/or benefits.

### COUNT EIGHT (8): CIVIL CONSPIRACY TO VIOLATE THE CIVIL RIGHTS OF MR. GLASER AS TO ALL DEFENDANTS

105. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

106. CO Smith, CO Gorby, CO Carter, and/or CO Does utilized a malicious combination of two or more persons to injure Mr. Glaser, in a way not competent for one alone, resulting in damages to Mr. Glaser. See Kenty v. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, 419, 1995-Ohio-61.

107. CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' state of mind under which they performed the wrongful acts upon Mr. Glaser, purposefully and without a reasonable or lawful excuse.

108. CO Smith's, CO Gorby's, CO Carter's, and/or CO Does' actions showed an express and/or implied agreement between each other, or otherwise acted in concert, or with a common understanding, while participating in the assault, battery, excessive force, and denial of medical benefits used on Mr. Glaser, with a common understanding or design to commit an unlawful act.

109. The alleged damages are above and beyond those damages as pled and thereby exacerbated the damages herein.

110. As a direct and proximate result of the civil conspiracy among all Defendants, damages sustained for the underlying wrongs and acts by each, and every Defendant individually is attributable to all as a whole.

## COUNT NINE (9): VICARIOUS LIABILITY

111. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

112. CO Does are persons and/or businesses whose names and addresses could not be discovered.

113. Upon information and belief, CO Does committed acts and/or omissions described above which directly and proximately caused Mr. Glaser's injuries and damages as stated in this Complaint.

114. Upon information and belief, CO Does are employees or agents for CoreCivic, NEOCI, and/or ODRC.

115. CoreCivic, NEOCI, and/or ODRC are vicariously liable for the acts and/or omissions of all defendants which directly and proximately caused Mr. Glaser's injuries and damages as stated in this Complaint.

116. Defendants damaged Mr. Glaser more than Seventy-Five Thousand Dollars ($75,000.00), as will be more fully proven in the trial on the merits herein.

## COUNT TEN (10): VIOLATION OF ADA (TITLE II) AND RA 42 U.S.C. §12132 & 29 U.S.C. §794 AS TO ALL DEFENDANTS

117.    Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

118.    Title II of the ADA prohibits discrimination based on disability by public entities, which the Act broadly defines as "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. §12131(1)(B).

119.    Similarly, §504 of the Rehabilitation Act of 1973 proscribes discrimination by "any program or activity [,]" 29 U.S.C. §794(a), defined as "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. §794(b).

120.    CoreCivic, NEOCI, and/or ODRC are covered entities for purposes of enforcement of the ADA, 42 U.S.C. §12181(7)(F), and the Rehabilitation Act, 29 U.S.C. §794, pursuant to the regulations promulgated under each of these laws.

121.    Defendants are also within the mandate of the RA that no person with a disability may be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity." 29 U.S.C. §794.

122.    Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. §12101 (a)(2).

123.    Title II of the ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.

124. Discrimination under the ADA and RA includes not only, e.g., a denial of benefits and services, but also a failure to provide a reasonable accommodation (also known as reasonable modification) for an individual's disability.

125. Defendants are further mandated under the ADA not to utilize standards or criteria or methods of administration that have the effect of discriminating based on disability. 42 U.S.C. §12182(b)(1)(D)(i).

126. Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. §12182(b)(2)(A)(ii).

127. Mr. Glaser suffers from mental health complications, including but not limited to anxiety.

128. At all material times, as a person with mental health disabilities, Mr. Glaser was a "qualified individual" with medical impairments that limited and/or substantially limited Mr. Glaser's ability to care for himself and control Mr. Glaser's mental, medical, or physical health condition as defined under the ADA, 42 U.S.C. §12131(2), and under Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. §794, 28 C.F.R. 42.540(k). Through their employees and agents, Defendants had knowledge of Mr. Glaser's disabilities.

129. Alternative means, other than assault, exist to search a person, including but not limited to searching a disabled person.

130.    As a "qualified [disabled] individual," Defendants were required to make reasonable accommodations for Mr. Glaser's disabilities and provide access to medical and other appropriate services while Mr. Glaser was in custody as an inmate.

131.    Mr. Glaser's status as a qualified disabled person also required Defendants not to engage in discrimination based on disparate treatment or impact to disabled persons like Mr. Glaser.

132.    Defendants discriminated against Mr. Glaser by failing to place Mr. Glaser in a setting, and/or failing to provide appropriate services, to reasonably accommodate Mr. Glaser's disability and treatment needs.  Defendants' failure to reasonably accommodate Mr. Glaser's disabilities during Mr. Glaser's incarceration caused Mr. Glaser to suffer greater injury and indignity in that process than other non-disabled inmates.

133.    Because of the acts and omissions of the individual Defendants and others, working as employees and/or agents of Defendants, Mr. Glaser was unable to utilize virtually all facilities, programs, and services without risk of serious harm.  Defendants failed to reasonably accommodate Mr. Glaser's disabilities as required by law making Mr. Glaser highly susceptible to grave harm.

134.    Further, all of Defendants' actions, choices, and decisions were policies or procedures, or a product thereof, instituted by Defendants that had a disparate impact on Mr. Glaser due to Mr. Glaser's disabilities, in violation of Mr. Glaser's rights under the ADA and RA.

135.    Thus, due to Defendants' failure to reasonably accommodate Mr. Glaser's disabilities, and Defendants' conduct and decisions that had a disparate impact on Mr. Glaser

and other similarly disabled individuals, causing Mr. Glaser to suffer greater injury and indignity than other non-disabled inmates, Defendants effectively treated non-disabled inmates more favorably than individuals with Mr. Glaser's disabilities.

136.    As a result of the acts and misconduct of Defendants complained of herein, Mr. Glaser suffered immensely and will continue to suffer damages and injuries as alleged above. Mr. Glaser sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys' fees.

### COUNT ELEVEN (11): VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 (SUPERVISORY LIABILITY) AS TO CO DOES, NEOCI, OHIO, CORE CIVIC, AND WARDEN BOBBY

137.    Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

138.    Prior to filing suit, Mr. Glaser requested Mr. Glaser's medical records, prison records, and the training manuals related to this matter.

139.    These Defendants wrote in response that there were no such training manuals.

140.    Mr. Glaser alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named Defendants and/or others acting on behalf of Defendants were pursuant to the following customs, policies, practices, procedures and official decisions of Defendants, stated in the alternative, which were made, directed, approved, encouraged, allowed, and/or ratified by policymaking officials for NEOCI, including, but not limited to, refusal and failure to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint when the need for such was obvious, with

deliberate indifference to the rights and safety of Mr. Glaser, and the public, and in the face of an obvious need for such policies, procedures, and training programs.

141. Mr. Glaser reasonably believes that the Defendants maintain, actively or by omission, a policy or practice that approves of such unlawful, malicious, and outrageous conduct by their above captioned correction officers in violation of written policies and procedures mandating otherwise.

142. Defendants condoned, encouraged, or participated in the alleged conduct against Mr. Glaser as described above.  See Birrell v. Brown (6th Cir. 1989), 867 F.2d 956, 959.

143. Mr. Glaser reasonably believes that Defendants maintain, actively or by omission, a policy or practice that approves of escalation of violence as a response to inmate disputes such as the aforementioned unlawful, malicious, and outrageous conduct by their above captioned correction officers in violation of written policies and procedures mandating otherwise.

144. In the alternative, Mr. Glaser reasonably believes that Defendants' failure to adequately train their respective correction officers amounts to deliberate indifference to the rights of persons with whom its officers come into contact such that said correction officers violated federal and state law in their treatment of Mr. Glaser.

145. In the alternative, Mr. Glaser reasonably believes that Defendants' failure to adequately train their respective correction officers on less violent responses to inmates talking amounts to deliberate indifference to the rights of persons with whom its officers come into contact such that said correction officers violated federal and state law in their treatment of Mr. Glaser.

146.    In the alternative, Mr. Glaser reasonably believes that Defendants' failure to properly hire, train, instruct, monitor, supervise, evaluate, and investigate, their respective correction officers on the actions and/or omissions above amounts to deliberate indifference to the rights of persons with whom its officers come into contact such that said correction officers violated federal and state law in their treatment of Mr. Glaser.

147.    The above referenced policies, customs, practices, or omissions of the Defendants played a part in the violation of federal and state law against Mr. Glaser.

148.    The unconstitutional actions, choices and/or conduct of Defendants, as described above, were approved, tolerated, and/or ratified by policy making officers for Defendants.

149.    The aforementioned customs, policies, practices, procedures and official decisions; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and, the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants were a moving force and/or a proximate cause of the deprivations of Mr. Glaser's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. §1983, as more fully set forth above.

150.    As a direct result of such above referenced policies, customs, practices, or omissions on the part of the Defendants, Mr. Glaser has suffered, and will continue to suffer, physical and mental injuries; and has incurred, and will incur in the future, lost income, and medical expenses.

151.    As a direct and proximate result of the foregoing unconstitutional actions, omissions, customs, polices, practices, procedures, official decisions, and improper supervision of Defendants, Mr. Glaser sustained serious and permanent injuries and damages and are

entitled to damages, penalties, costs, and attorneys' fees, as set forth above, and punitive damages against Defendants in their individual capacities.

152. As a direct result of said Defendants' actions, Mr. Glaser suffered a permanent deformity.

153. Mr. Glaser says that such policy or practice has the effect of depriving Mr. Glaser of Mr. Glaser's constitutional rights in violation of 42 U.S.C. §1983, such that Mr. Glaser has been damaged in an amount more than Seventy-Five Thousand Dollars ($75,000.00) as will be more fully proved in either a trial or dispositive motion in this matter.

### COUNT TWELVE (12): DECLARATORY JUDGMENT AS TO OHIO

154. Mr. Glaser alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

155. Ohio's Department of Medicaid ("ODM") may have a subrogation and/or reimbursement interest in the resolution of the instant dispute under the applicable law given medical benefits that have been paid or may be paid by ODM on the behalf of Mr. Glaser related to Mr. Glaser's injuries alleged herein.

156. ODM regularly conducts business in Ohio and its principal office is located at the address captioned above.

157. A dispute exists between Mr. Glaser and ODM as to ODM's subrogation interests vis-à-vis Ohio's, and/or Ohio's agents', liabilities herein.

**WHEREFORE**, Mr. Glaser prays this Honorable Court will grant Mr. Glaser the following relief:

A.  Compensatory damages in an amount that will fully and fairly compensate Mr. Glaser for Mr. Glaser's above described, damages and loss;

B.  Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

C.  An award of attorneys' fees against said defendants in favor of Mr. Glaser under 42 U.S.C. §1988(b);

D.  An award of expert fees against said defendants in favor of Mr. Glaser under 42 U.S.C. §1988(c);

E.  Judgment declaring Ohio Department of Medicaid's subrogation and/or reimbursement interest in any award herein, less Mr. Glaser's collection costs thereof, under the applicable law given medical benefits that may have been paid or may be paid by Ohio Department of Medicaid on the behalf of Mr. Glaser related to Mr. Glaser's injuries alleged herein and/or judgment barring any such recovery unless and until Mr. Glaser is made whole; and

F.  For all other relief, as may be necessary and appropriate and/or to which Mr. Glaser is entitled, as a matter of law and/or equity, including but not limited, reasonable attorneys' fees, costs, and interest.

Respectfully submitted,

TOMPKINS, SELPH, & ASSOCIATES, LTD.

*/s/ Theran J. Selph, Sr.*
Theran J. Selph, Sr.     (0079376)
Sarah M. Schregardus (0080932)
PO Box 341318
Columbus, Ohio 43234-1318

30

(614) 453-0971/(866) 519-5298 (facsimile)
tselph@selphlaw.com
sarahs@selphlaw.com
*Counsel for Plaintiff Donald S. Glaser*

### **JURY DEMAND**

Pursuant to Rule 38, of the Federal Rules of Civil Procedure, Mr. Glaser hereby requests

a trial by jury on all issues triable by a jury.


*/s/ Theran J. Selph, Sr.*
Theran J. Selph, Sr.     (0079376)
*Counsel for Plaintiff Donald S. Glaser*


###